DAWN JONES

VERSUS

ROBERT MARTINEZ, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20042681
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, Jimmie C. Peters, Elizabeth A. Pickett, and Billy H. Ezell, Judges.

**AFFIRMED AS AMENDED.**

Thibodeaux, Chief Judge, dissents in part and assigns written reasons.

James Edward Diaz Jr.
John E. Ortego & Associates
4023 Ambassador Caffery Parkway, Suite 100
Lafayette, LA 70503
(337) 988-7240
  Counsel for Defendant-Appellee:
  State Farm Mutual Auto Ins. Co.

Mark Anthony Delphin
Delphin Law Firm
626 Broad St.
Lake Charles, LA 70601
(337) 439-3939
  Counsel for Plaintiff-Appellant:
  Dawn Jones

**Eulis Simien Jr.**
**Mark Wayne Simien**
**Simien & Simien**
**7908 Wrenwood Blvd.**
**Baton Rouge, LA 70809**
**(225) 932-9221**
  **Counsel for Plaintiff-Appellant:**
  **Dawn Jones**

**Pickett, Judge.**

The appellant, Dawn Jones, appeals the amount of damages awarded to her in a judgment of the trial court against State Farm.

<u>**STATEMENT OF THE CASE**</u>

On June 4, 2003, Dawn Jones was injured while riding as a passenger in a vehicle driven by her husband when their vehicle was rear-ended by Dr. Robert Martinez. Ms. Jones filed suit against Dr. Martinez, his insurer State Farm Mutual Automobile Insurance Company (State Farm), and her underinsured motorist carrier Illinois National Insurance Company (Illinois National). Ms. Jones claimed she suffered an injury to her back which required surgery. Illinois National was later dismissed from the suit. Dr. Martinez passed away and was dismissed from the suit.

The trial was held on February 6, 2006. State Farm did not contest that Dr. Martinez was at fault in rear-ending the vehicle in which Ms. Jones was a passenger, though they did introduce evidence to stress the minor nature of the collision. Most of the testimony and evidence at trial concerned the extent of Ms. Jones injuries and her previous injuries in a 2000 automobile accident. Ms. Jones argued that the accident in this case aggravated her previous injuries and she now needs surgery. State Farm argued that the problems with her back were degenerative and were not caused by the low-impact collision with Dr. Martinez.

Following a bench trial, the trial court found the accident with Dr. Martinez caused soft tissue injuries which exacerbated Ms. Jones previous disc condition. The court award $31,789.02 for past medical expenses. It found that State Farm was responsible for the surgery Ms. Jones needed, and ordered State Farm to pay $95,950.00 for future medical expenses. The trial court awarded lost wages for nine

1

months Ms. Jones missed work since the accident and future lost wages for nine months following the accident, totaling $59,256.00. The court refused to award damages for a loss of earning capacity. Finally, the court awarded $70,000.00 for general damages.

Ms. Jones now appeals the trial court's failure to award damages for loss of earning capacity and the amount of general damages awarded.

## ASSIGNMENTS OF ERROR

1. The trial court erred in failing to award future loss of earnings capacity even though the undisputed medical and lay testimony established that Ms. Jones would suffer a loss of earnings capacity.

2. [The award of $70,000.00 in general damages] falls far below the permissible discretionary awards and must be reversed.

## DISCUSSION

The appellant's first assignment of error concerns loss of earning capacity. This court discussed this element of damages in *Batiste v. New Hampshire Ins. Co.*, 94-1467, p. 3-4 (La.App. 3 Cir. 5/3/95), 657 So.2d 168, 170, *writ denied*, 95-1413 (La. 9/22/95), 660 So.2d 472 (citations omitted):

> Loss of earning capacity is not the same as lost wages. Rather, earning capacity refers to a person's potential. Earning capacity is not necessarily determined by actual loss. While the plaintiff's earnings at the time of the accident may be relevant, such figures are not necessarily indicative of his past or future lost earning capacity. The plaintiff need not be working or even in a certain profession to recover this type of award. What is being compensated is the plaintiff's lost ability to earn a certain amount, and he may recover such damages even though he may never have seen fit to take advantage of that capacity.

> In determining whether a personal injury plaintiff is entitled to recover for the loss of earning capacity, the trial court should consider whether and how much plaintiff's current condition disadvantages him in the work force. The trial court should thus ask itself what plaintiff might be able to have earned but for his injuries and what he may now earn given his resulting condition.

2

The very nature of lost earning capacity makes it impossible to measure the loss with any kind of mathematical certainty. The facts of each case must take into account a variety of factors, including the plaintiff's condition prior to the accident, his work record prior to and after the accident, his previous earnings, the likelihood of his ability to earn a certain amount but for the accident, the amount of work life remaining, inflation, and the plaintiff's employment opportunities before and after the accident.

An award of damages for future loss of earnings and loss of earning capacity is reviewed on appeal for manifest error. *Fruge v. Hebert Oilfield Constr., Inc.*, 03-349 (La.App. 3 Cir. 10/1/03), 856 So.2d 100, *writ denied*, 03-2997 (La. 1/30/04), 865 So.2d 77.

The trial court found that the work limitations placed on Ms. Jones are expected to be the same after surgery as they were prior to this accident. Thus, her earning capacity will not be diminished. The appellant argues that while her limitations will be the same, her tolerance for certain pain has decreased since the accident, and she will be unable to return to her job as a floor nurse. Instead, she will have to work as an administrative nurse, a job which has a lower salary. In fact, before she stopped working following the second accident, she had left her job as a floor nurse and taken a position as an administrative nurse.

The trial court accepted the testimony of Ms. Jones's treating physician, Dr. Dale Bernauer, that he would expect Ms. Jones to have the same limitations after the surgery as she had prior to the accident with Dr. Martinez in May 2003. Dr. William Culbertson, an economist, did testify that if Ms. Jones returns to work as an administrative nurse after surgery, she will earn $200,000.00 less than if she were able to return to work as a floor nurse. But the import of Dr. Bernauer's testimony, and the findings of the trial court, was that Ms. Jones would be able to work with the same limitations after the surgery as she did before the accident. Prior to that

3

accident, Ms. Jones was able to work as a floor nurse, with certain limitations. Given the speculative nature of determining the extent of Ms. Jones abilities after the surgery, we cannot say the trial court committed manifest error in determining she did not prove a loss of earning capacity. This assignment of error lacks merit.

The appellant's second assignment of error concerns the general damage award. Ms. Jones contends that $70,000.00 is too low an award given that she sustained injuries which aggravated a preexisting condition and now requires surgery (an anterior lumbar interbody fusion). In its reasons for ruling, the trial court stated:

> The Court awards Mrs. Jones general damages in the amount of $70,000. In awarding this amount, the Court has taken into consideration that Mrs. Jones had chronic intermittent pain prior to the 2003 accident which was not caused by the negligence of Dr. Martinez. Although defendants must take their victims as they find them, they are only responsible for the extent of the aggravation caused by their negligence. The plaintiff has not proved that on her recovery from surgery, her condition will be substantially worse than her condition prior to the 2003 accident.

In *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994), the supreme court set out the standard for an appellate court reviewing an award of general damages:

> [T]he discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

The trial court found that Ms. Jones had a minor traffic accident with Dr. Martinez in May 2003 which caused soft tissue injuries. These soft tissue injuries combined with Ms. Jones previous condition to hasten the degeneration of her back condition. While Ms. Jones suffered pain before the May 2003 accident, her back

4

condition now requires surgery. As a result of the aggravation of her injuries, Ms. Jones had been unable to work for nine months because of pain. She requires surgery to return her to her pre-2003 condition, which will require her to miss approximately nine more months of work. After the surgery, the trial court found that Ms. Jones will be returned to the same condition she was in before the May 2003 accident. Thus, she is only entitled to general damages for pain and suffering for the period beginning with the accident and ending when she is recovered from the surgery, which is about three years.

We find, considering the totality of the facts, particularly the plaintiff's endurance of a surgical procedure, that the general damage award is abusively low. We are, therefore, raising the general damage award to $125,000.00, the lowest award that we consider reasonable under the circumstances. *See Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976).

## <u>CONCLUSION</u>

We amend the general damage award and raise it to $125,000.00. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to State Farm.

**AFFIRMED AS AMENDED.**

DAWN JONES

VERSUS

ROBERT MARTINEZ, ET AL.

**THIBODEAUX, Chief Judge, dissenting in part.**

The trial court erroneously determined that Ms. Jones was not entitled to an award for future loss of earning capacity. The majority affirms and falls into error as well.

Dr. Bernauer did indeed testify that Ms. Jones would have the same post and pre-surgery limitations. The similarity between post and pre-surgery limitations, however, does not translate into, in my view, a finding of a lack of entitlement to an award of loss of future earning capacity. While those limitations may be the same, one cannot conclude that Ms. Jones can functionally perform the same work. There are other factors to consider. Ms. Jones is a registered nurse; her treating physician is an orthopedist. She will undergo a lumbar fusion. Dr. Bernauer's testimony that Ms. Jones would not be able to return as a floor nurse went uncontroverted. She is now more susceptible to injury to her back and the risk of injury to her disk increased after surgery. Further, Dr. Bernauer testified that Ms. Jones should not have been performing the functions of a floor nurse *before* the accident. Certainly, with the risk of increased injury, it is unreasonable to expect her to perform the duties of a floor

nurse *after*. In effect, the majority is penalizing Ms. Jones for her pre-accident stoicism and industriousness. It was manifest error for the trial court to have denied her an award for loss of future earning capacity.

For the foregoing reasons, I respectfully dissent.